UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TIMOTHY EARL SCHNEIDER,

      Plaintiff,

    v.                                    Case No. 6:11-cv-06379-HA

                                              OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Timothy Schneider seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying his application for Social Security

Disability Income (SSDI) and Supplemental Security Income (SSI).  This court has jurisdiction to

review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.


OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

OPINION AND ORDER - 2

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

OPINION AND ORDER - 3

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## FACTS

Plaintiff was forty-seven years old at the time of the ALJ's decision. Plaintiff has a high school diploma, although he took special education classes from ninth through twelfth grade.

OPINION AND ORDER - 4

Plaintiff attended college for two years to study forestry, but testified that he failed his math courses. Plaintiff was previously employed as a security guard.

Plaintiff applied for SSDI and SSI on July 14, 2008. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing, which was held on November 16, 2010. The ALJ heard testimony from plaintiff, one of plaintiff's family friends, and the vocational expert (VE). On December 13, 2010, the ALJ issued a decision denying plaintiff's application for benefits. The Appeals Council denied plaintiff's request for review of the hearing decision, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff has not engaged in SGA since the alleged disability onset date. Tr. 19, Finding 2.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe impairments: cervical spine degenerative disc disease, recurrent left inguinal hernia, bipolar spectrum disorder, borderline intellectual functioning, and deep vein thrombosis. Tr. 19, Finding 3. The ALJ found that plaintiff's methicillin-resistant Staphylococcus aureus (MRSA) and status-post brain injury are non-severe impairments. *Id.*

At step three, the ALJ found that plaintiff's impairments, singly or in combination, do not meet or equal one of the listed impairments. Tr. 20, Finding 4. The ALJ found that the functional limitations associated with plaintiff's mental impairments result in no restriction to daily living or social functioning; moderate difficulties with concentration, persistence or pace;

---

[1] "Tr." refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 5

and that plaintiff has had no extended episodes of decompensation.  Tr. 20-21, Finding 4.

The ALJ found that plaintiff has the RFC to perform sedentary work with the following limitations: he can lift/carry up to ten pounds occasionally and less than ten pounds frequently; he can stand and/or walk for two out of eight hours and sit for six out of eight hours; he occasionally requires a cane for ambulation; he cannot walk on uneven ground; he requires a brief change of position of one to two minutes every half hour; he can only occasionally stoop, kneel, or climb stairs and ramps; he can frequently balance, sometimes with the assistance of his cane; he can never crouch, crawl, or climb ladders, ropes, or scaffolds; he can only occasionally reach overhead bilaterally; he can have no more than occasional and brief contact with the general public and coworkers.  Tr. 21, Finding 5.

At step four, the ALJ found that plaintiff cannot perform any past relevant work.  Tr. 25-26, Finding 6.

At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform, such as optical goods worker, table worker, and dowel inspector/small wood products inspector.  Tr. 26, Finding 10.

## DISCUSSION

Plaintiff contends that the Commissioner erred by failing to consider all of Mr. Schneider's impairments before assessing his credibility and RFC.  Plaintiff also argues that the Commissioner failed to sustain his burden of showing that plaintiff can perform work in the national economy.

/ / / /

/ / / /

OPINION AND ORDER - 6

**Plaintiff's additional evidence**

After the hearing, plaintiff submitted additional evidence that he was diagnosed with Horner's Syndrome and had a brain aneurysm, which plaintiff asserts contributed to his alleged pain. Tr. 344-349. Plaintiff argues that this evidence was submitted late for good cause, because the tests were not ordered until after the hearing date. Defendant argues that even if there were good cause for late submission, the Commissioner's failure to examine the new evidence was harmless error, because the evidence would not have compelled a finding of disability.

The court may remand upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 USC § 405(g). New evidence is material if it bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001). If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

The additional evidence supplied by plaintiff is material because plaintiff's testimony was dismissed based in part on a lack of objective medical evidence. Plaintiff has shown good cause for the late submission because the tests revealing plaintiff's brain aneurysm had not yet been performed at the time of the hearing.

The new evidence shows that when he sought treatment for the aneurysm, plaintiff complained of persistent headaches. Tr. 347. It is unclear what effect plaintiff's new diagnoses have on his existing limitations, but in the very least the discovery of plaintiff's brain aneurysm is

OPINION AND ORDER - 7

relevant to the ALJ's consideration of plaintiff's pain testimony and mental limitations, as the extent of plaintiff's limitations hinges on his credibility.

The Commissioner's decision is reversed and remanded for further proceedings. A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, the court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. In addition to the reasons discussed below, plaintiff's new diagnoses should be accounted for in the ALJ's RFC assessment and hypothetical to the VE.

### The ALJ's RFC and credibility assessments

A claimant bears the burden of producing objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Benton v. Barnhart*, 331 F.3d at 1030, 1040-1041 (9th Cir. 2003). The ALJ can reject a claimant's testimony only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986). In this case, the ALJ found that plaintiff's testimony was not credible because the alleged intensity of his symptoms was not corroborated by medical evidence.

First, the ALJ found that plaintiff's testimony about the pain associated with his cervical spine impairment was not credible in light of medical reports by Dr. Pittinger and Dr. Curcin. Tr. 22-23. At the hearing, plaintiff testified he could "possibly" perform sedentary work, but would be limited due to high levels of pain, balance problems, and the need for extended rest periods.

OPINION AND ORDER - 8

Tr. 59. The ALJ found that the alleged pain and limitations were not supported by the medical evidence. Specifically, the ALJ noted that in June 2008, Dr. Curcin initially determined that plaintiff need not seek surgical intervention for his spine impairment, and in September 2008, Dr. Pittinger found only "mild" degenerative changes in plaintiff's condition. Tr. 232, 324. The ALJ acknowledged an October 2009 evaluation that suggested plaintiff's condition had worsened. Tr. 332. However, the ALJ noted that Dr. Curcin also found plaintiff still had a functional range of motion in his cervical spine at that time. Tr. 333.

Similarly, plaintiff testified to a limited range of motion in his arms as well as a limited ability to use his hands due to cramping. Tr. 64-65. However, the ALJ found this testimony lacked credibility because the June 2008 and October 2009 evaluations revealed that plaintiff had normal motor strength and a full range of motion in his arms. Tr. 239.

When formulating an RFC, however, an ALJ must consider all of the medical evidence, including a claimant's impairments that are not severe. 20 C.F.R. § 416.920(e). The ALJ failed to note plaintiff's hemangiomas (the small tumors located on plaintiff's spine) as a severe or non-severe condition when assessing the credibility of plaintiff's alleged pain. Furthermore, although plaintiff may have a full range of motion or strength in his arms, that assessment does not negate the potential pain or cramping plaintiff feels when using his arms and fingers.

Additionally, the ALJ found that plaintiff's testimony was not credible because plaintiff no longer takes pain medication for his cervical spine condition despite the alleged pain. It is clear from the record, however, that plaintiff stopped taking pain medication solely because of its interaction with Coumadin, the anticoagulant plaintiff takes for his deep-vein thrombosis, and that plaintiff's pain has increased as a result. Tr. 60, 71-72. The ALJ therefore erred in

discrediting plaintiff based on this testimony.

Plaintiff's pain testimony is corroborated by a 2010 letter in which Dr. Pittinger opined that plaintiff could not perform work in any capacity due to his conditions. Tr. 341. The ALJ gave no weight to Dr. Pittinger's opinion, reasoning that Dr. Pittinger had not adequately explained his conclusion and noting that his opinion differed from those of the state agency medical consultants. The state consultants' opinions, however, were derived from the evidence existing up to September and October 2008. The fact that plaintiff's condition was worsening in 2009 resolves the apparent contradiction between the consultants' 2008 opinions and Dr. Pittinger's 2010 letter. Additionally, Dr. Pittinger is plaintiff's treating physician, and his 2010 letter accounted for a more comprehensive and recent view of plaintiff's conditions than those of the state consultants. His opinion should be given adequate consideration.

Finally, the ALJ also found that plaintiff's testimony regarding his security job diminished plaintiff's credibility. During a June 2008 psychological evaluation, plaintiff claimed he had been fired from his job "because of his rigidity." Tr. 338. During the hearing, however, plaintiff explained to the ALJ that he left his job as a result of both the belief he would be fired and his desire to move in with his ailing father. Tr. 67. Although plaintiff apparently believed he was being constructively discharged, the ALJ found his testimony at odds with plaintiff's June 2008 statements, and found plaintiff unreliable. Conflicting testimony is a valid basis for discrediting a plaintiff; however, it is not clear that plaintiff's statements were in direct conflict. Additionally, the statements in question are not probative of plaintiff's physical symptoms and have limited relevance to the issue of disability. Finally, plaintiff's confusing statements about his interactions with coworkers may be the result of his underlying mental impairments. In light of other

OPINION AND ORDER - 10

evidence, these statements do not constitute a clear and convincing reason for rejecting plaintiff's pain testimony.

## Step five analysis

Plaintiff also argues that the ALJ failed to meet its burden of showing that plaintiff can perform work in the national economy. The Commissioner "can meet this burden by propounding to a VE a hypothetical question that reflects all the claimant's limitations." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). The ALJ must then determine whether, based on substantial evidence, the claimant can find work in the national economy. *Tackett*, 180 F.3d at 1097. The VE's opinion about a claimant's RFC has no evidentiary value if the assumptions in the hypothetical are not supported by the record. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Plaintiff asserts that the VE's testimony that plaintiff could work as an optical goods worker, a table worker, or a dowel inspector was based on the ALJ's hypothetical, which did not account for all of plaintiff's restrictions. Additionally, plaintiff argues that when confronted with plaintiff's additional limitations, the VE testified that plaintiff would be unable to sustain these jobs. Defendant argues that the ALJ based the RFC on substantial evidence, and properly based his step five conclusion on the VE's response.

Plaintiff argues that the ALJ did not properly account for plaintiff's "mean" behavior when eliciting testimony from the VE. In reaching his step five conclusion, the ALJ noted plaintiff's testimony that his medication had "made a big difference" in the effect of his bipolar disorder and that he felt he was "pretty stable." Tr. 70. Plaintiff also testified, however, that the pain of his physical limitations, rather than his bipolar disorder, is the reason for his occasionally

OPINION AND ORDER - 11

"mean" behavior toward others and his need to be isolated. *Id.* Defendant argues that the ALJ nevertheless appropriately accounted for this problem by limiting plaintiff to occasional and brief contact with coworkers and the public.

It does not appear from the record, however, that infrequent contact with others would necessarily prevent plaintiff's inappropriate behavior. Plaintiff testified at the hearing that he experiences this behavior three to four times a week, and would not be able to conduct himself appropriately if his pain were severe. Tr. 66. The VE testified that plaintiff would be unable to sustain employment if he had multiple outbursts toward authority figures in the workplace. It is unclear based on these facts whether plaintiff could sustain employment even with infrequent interpersonal contact, especially considering that plaintiff is currently unable to take pain medication.

Additionally, plaintiff stated at the hearing that he could not perform basic arithmetic, including addition and subtraction. The ALJ's discussion with the VE, however, was vague at best with regards to plaintiff's inability to do math. What is clear is that the VE identified plaintiff's potential jobs as unskilled, and stated that unskilled positions at "Math Level 1" require adding, subtracting, multiplying, and dividing of two digit numbers and units of measurement. Tr. 87-88. Although it is unclear what specific math skills are required to perform the jobs recommended to plaintiff, based on plaintiff's inability to do basic addition and subtraction, it appears unlikely that he would be able to perform even Math Level 1 jobs. Because the court will remand for other reasons, the ALJ will have the opportunity to resolve how plaintiff's math problems affect his ability to find work in the national economy.

////

OPINION AND ORDER - 12

Upon remand the ALJ shall reevaluate plaintiff's credibility, taking into account plaintiff's new diagnoses and giving proper consideration to the opinion of Dr. Pittinger.  Additionally, the ALJ shall question the VE regarding all of plaintiff's mental and physical limitations to determine if plaintiff can perform work in the national economy.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Timothy Schneider's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this _13_ day of December, 2012.

Ancer L. Haggerty
United States District Judge